# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO HINOJOS,  | CASE NO. 1:06-cv-00838-LJO-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIMS, WITHIN THIRTY DAYS |
| v. | |
| UEKERT, et al., | |
| Defendants. | (Doc. 1) |

I.   Screening Order

    A.   Screening Requirement

Plaintiff Octavio Hinojos ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 30, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1     "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
7 if it is clear that no relief could be granted under any set of facts that could be proved consistent with
8 the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
9 the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
10 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
11 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
12 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
13 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
14 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."
15 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights
16 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l
17 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d
18 266, 268 (9th Cir. 1982)).

19     B.     Plaintiff's Claims

20     The events at issue in this action allegedly occurred while plaintiff was a prisoner housed at
21 the Sierra Conservation Center (SCC) in Jamestown. Plaintiff names Warden Malfi, Correctional
22 Officers Uekert, Broderick, and Hope, Correctional Sergeant Alfaro, Appeals Coordinator
23 Tennisson, and SCC Medical as defendants. Plaintiff is seeking money damages.

24     Plaintiff alleges that on June 24, 2005, after he dumped a cup of coffee on the grass,
25 defendant Broderick slammed him against a wall causing him to bite his tongue, and then grabbed
26 him in a chokehold and slammed him to the ground. Plaintiff alleges defendant Broderick was not
27 acting to restore order. Plaintiff alleges defendants Alfaro and Hope witnessed the incident but did
28 not help plaintiff.

1   Plaintiff alleges that on August 18, 2005, defendant Uekert struck him on the forehead with a side baton, causing plaintiff to lose consciousness and sustain a fractured eye socket and a deep gash which required stitches.

4   Plaintiff also alleges defendant Tennisson prevented plaintiff from using the appeals process, Warden Malfi failed to investigate the matter, and SCC Medical failed to remove his stitches until two months later, which caused pain and possible disfigurement.

### 1. Excessive Force Claims

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).

///

"The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Under federal notice pleading standards, plaintiff's allegations are sufficient to give rise to claims for relief against defendants Broderick and Uekert for allegedly using excessive physical force against him, and against defendants Alfaro and Hope for failing to intervene. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (officer can be held liable for failing to intercede if he had a "realistic opportunity" to intercede).

### 2. Medical Care Claim

Plaintiff alleges that SCC Medical failed to remove his stitches until two months after they were put in, which caused him pain and possible disfigurement.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in

1  doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296
2  F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately
3  indifferent manner unless the official "knows of and disregards an excessive risk to inmate health
4  or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Where a prisoner is alleging a delay in
5  receiving medical treatment, the delay must have led to further harm in order for the prisoner to
6  make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060
7  (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

8        Plaintiff has not alleged any facts linking the failure to remove his stitches to any individual
9  defendants.  Plaintiff may not attempt to impose liability on the medical department as a whole under
10 section 1983.  Further, plaintiff has not alleged any facts indicating that any employees of the
11 medical department "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety."
12 Farmer, 511 U.S. at 837.  Accordingly, plaintiff fails to state a claim for relief under section 1983
13 arising from the alleged delay in the removal of his stitches.

14           3.      Claim Against Defendant Tennisson

15       Defendant Tennisson is an appeals coordinator and allegedly refused to refused to process
16 plaintiff's appeal.  Plaintiff alleges defendant wrongfully screened it out as untimely.

17       To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under
18 color of state law and (2) that the defendant deprived him of rights secured by the Constitution or
19 federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  "[A prison]
20 grievance procedure is a procedural right only, it does not confer any substantive right upon the
21 inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568
22 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no
23 liberty interest in processing of appeals because no entitlement to a specific grievance procedure);
24 Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no
25 liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in
26 reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983
27 ///
28 ///

1 action. Buckley, 997 F.2d at 495. Thus, defendant's action in screening out plaintiff's appeal does not provide any basis upon which to impose liability under section 1983.[1]

### 4. Supervisory Liability Claim Against Defendant Malfi

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts linking Warden Malfi to a violation of plaintiff's rights. The warden's alleged failure to investigate after the fact is not a violation of plaintiff's constitutional rights. If plaintiff opts to amend his claim against Malfi, plaintiff is directed to be mindful that Malfi's position as warden, without more, is an insufficient basis upon which to impose liability under section 1983.

### C. Conclusion

The court finds that plaintiff's complaint states cognizable claims for relief against defendants Broderick, Uekert, Alfaro, and Hope for the use of excessive physical force, in violation of the Eighth Amendment. However, the court finds that plaintiff's complaint does not state any

---

[1] To the extent that a wrongful failure to process an appeal might lead to a claim for denial of access to the courts, such a claim would not accrue until plaintiff suffered an "actual injury" as a result of the failure to process his appeal. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis v. Casey, 518 U.S. 343, 351 (1996). No such injury has occurred.

other claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed only against defendants Broderick, Uekert, Alfaro, and Hope on his Eighth Amendment claim, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff four summonses and four USM-285 forms to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Broderick, Uekert, Alfaro, and Hope.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or

///

7

        b.      Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Broderick, Uekert, Alfaro, and Hope for the use of excessive physical force, in violation of the Eighth Amendment; and

3.    If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 27, 2007**            **/s/ Dennis L. Beck**
3b142a                                                     UNITED STATES MAGISTRATE JUDGE